IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DICKY WAYNE REDMOND                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:10cv635-DPJ-FKB

WEXFORD HEALTH SOURCES, et al.                                   DEFENDANTS

REPORT AND RECOMMENDATION

This is an action brought pursuant to § 1983 by a former inmate of the Mississippi Department of Corrections (MDOC).   Presently before the Court is the motion [25] and supplemental motion [34] of Defendants Wexford Health Sources, Daisy Thomas, and Lissa Collins (Wexford Defendants) to dismiss for failure to exhaust administrative remedies.  Having considered the motions and Plaintiff's response, the undersigned recommends that the motions be granted and the claims against these defendants dismissed.

In December of 2009, while serving time at the Noxubee County Community Work Center, Dicky Wayne Redmond was assigned to perform roofing work on a house under the supervision of Shane Baty, an employee with the Mississippi Forestry Commission. While at the work site, Redmond fell off of the roof, sustaining injuries to both feet, including a fracture of his right heel.  After initial treatment at the emergency room of Noxubee General Hospital, he was transferred the next day to the medical clinic at Central Mississippi Correctional Facility (CMCF), where he was evaluated by Wexford[1] medical personnel, including Lissa Collins, a registered nurse, and Dr. Daisy Thomas.

---

[1]Wexford Health Sources is a contractual provider of health care services at CMCF.

Plaintiff claims that the Wexford Defendants failed to properly manage his pain and treat his injuries.  After approximately three weeks, Redmond was sent to Central Mississippi Medical Center for evaluation by an orthopedic surgeon, Defendant Terry.  According to Plaintiff, Dr. Terry refused to see him on this and on two subsequent appointments because the medical staff at CMCF failed to send Plaintiff's x-rays with him to the appointments.  Ultimately, Plaintiff was evaluated by an orthopedic surgeon in Vicksburg, Mississippi, who told him that the break had healed and that he should return to work. Plaintiff alleges that the delays in treatment resulted in pain and mechanical limitations with his foot.

The Wexford Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff has failed to exhaust his administrative remedies. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).

Plaintiff admits that although he filed an administrative grievance regarding his medical care, he failed to complete the three-step process of MDOC's Administrative Remedies Program.  However, he argues that this failure should be excused because the same official, Dr. Robert Moore, completed both the first-step and second-step responses.  According to Plaintiff, this was a violation of MDOC policy.  If in fact this was a deviation from or a violation of policy, such does not excuse Redmond's failure to complete the administrative process.  The administrative process was still available to

him, along with the possibility of redress at the third step.  *See Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)  (explaining that, under Fifth Circuit's "strict approach" to exhaustion, substantial compliance with administrative remedies procedures is insufficient, absent a showing that those remedies were somehow rendered unavailable).

For these reasons, the undersigned recommends that the Wexford Defendants' motion be granted and that all claims against them be dismissed.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen days from the date of being served with a copy thereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 12th  day December, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE