IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DICKY WAYNE REDMOND                                                                    PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:10cv635-FKB

WEXFORD HEALTH SOURCES, et al.                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

The parties having consented to jurisdiction by the undersigned, and the district judge having referred this matter pursuant to 28 U.S.C. § 636(c), the Report and Recommendation entered on December 12, 2011, is hereby withdrawn, and this memorandum opinion and order entered in the place thereof.

This is an action brought pursuant to 42 U.S.C. § 1983 by a former inmate of the Mississippi Department of Corrections (MDOC).  Presently before the Court are the motion [5] and supplemental motion [34] of Defendants Wexford Health Sources (Wexford), Daisy Thomas, and Lissa Collins (the Wexford defendants) to dismiss for failure to exhaust administrative remedies.  Having considered the motions, Plaintiff's response, and Plaintiff's objections to the report and recommendation previously entered, the Court concludes that the motions should be granted and the claims against the Wexford defendants dismissed.

Plaintiff alleges that in December of 2009, while serving time at the Noxubee County Community Work Center, he was released to Shane Baty, an employee with the Mississippi Forestry Commission, for the purpose of performing roofing work at a private residence.  While at the work site, Redmond fell off the roof, sustaining injuries to both feet, including a fracture of his right heel.  After initial treatment at the emergency room at

Noxubee General Hospital, Redmond was transferred the following day to the medical clinic at Central Mississippi Correctional Facility (CMCF), where he was evaluated by Wexford[1] medical personnel, including Lissa Collins, a registered nurse, and Dr. Daisy Thomas. Plaintiff claims that the Wexford defendants failed to properly manage his pain and treat his injuries. After approximately three weeks, Redmond was sent to Central Mississippi Medical Center for evaluation by an orthopedic surgeon, Dr. Terry. According to Plaintiff, Dr. Terry refused to see him on this and on two subsequent appointments because the medical staff at CMCF failed to send Plaintiff's x-rays with him to the appointments. Ultimately, Plaintiff was evaluated by an orthopedic surgeon in Vicksburg, Mississippi, who told him that the break had healed and that he should return to work. Plaintiff alleges that the delays in treatment resulted in permanent pain and mechanical limitations with his foot.

The Wexford defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff has failed to exhaust his administrative remedies. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life," even if the relief sought by the plaintiff is not available through the prison administrative remedies program. *Porter v. Nussle*, 534 U.S. 516, 524-532 (2002).

---

[1]Wexford Health Sources is a contractual provider of health care services at CMCF.

Plaintiff admits that although he filed an administrative grievance regarding his medical care, he failed to complete the three-step process of MDOC's Administrative Remedies Program.  However, he argues that his failure should be excused because the same official, Dr. Robert Moore, completed both the first-step and second-step responses.  According to Plaintiff, this was a violation of MDOC policy.  If in fact this was a deviation from or a violation of policy, such does not excuse Redmond's failure to complete the administrative process.  The process was still available to him, along with the possibility of redress at the third step.  *See Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) (explaining that under Fifth Circuit's "strict approach" to exhaustion, substantial compliance with administrative remedy procedures is insufficient, absent a showing that those remedies were somehow rendered unavailable).

For these reasons, the Wexford defendants' motions are granted.  All claims against Wexford Health Sources, Daisy Thomas, and Lissa Collins are hereby dismissed.

SO ORDERED this the 17th day of January, 2012.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE