IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DICKY WAYNE REDMOND                                             PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:10cv635-FKB

WEXFORD HEALTH SOURCES, et al.                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

      This is an action brought pursuant to 42 U.S.C. § 1983 by a former inmate of the Mississippi Department of Corrections. Previously, all defendants other than Shane Baty were dismissed. Presently before the Court are the parties' cross motions for summary judgment. Having considered the motions, the Court concludes that Defendant Baty is entitled to judgment as a matter of law.

      In December of 2009, while serving time at the Noxubee County Community Work Center, Dicky Wayne Redmond was assigned to work at the local office of the Mississippi Forestry Commission. Shane Baty was the manager of the office. On December 17, 2009, Baty took Redmond and another inmate to the private residence of Mike Butler, an employee with the Mississippi Forestry Commission, for the purpose of repairing Butler's roof. While performing the repairs, Redmond slid off the roof and fell approximately nine feet to the ground. He sustained injuries to his feet. Redmond contends that Baty is liable for his injuries because Baty's actions in assigning him to perform the roof work constituted cruel and unusual punishment in violation of the Eight Amendment.[1]

---

[1] Redmond has also mentioned the Fourteenth Amendment as a basis for his claim. Because a specific clause of the Constitution, the Eighth Amendment, governs Redmond's claim, Redmond's reliance upon the Fourteenth Amendment's guarantees of substantive due process are misplaced. *See Guiles v. Tarrant County Bail Bond Bd.,* 456

Redmond testified at the *Spears* hearing that prior to beginning work on the roof, he informed Baty that he "didn't know anything about roofs," but that Baty nevertheless insisted that he perform the repair work.  After the accident, while Redmond was still lying on the ground, Baty informed those present that they would have to lie and say that Redmond had fallen off of a bulldozer in order to cover up the fact that Baty had directed inmates to perform work on private property.  MDOC officials became aware of the true circumstances of the accident approximately one week later when Redmond's wife informed the work center's commander that Redmond had been injured while doing roofing work on the Butler home.   Although Baty has disputed some of these facts in his affidavit, the Court assumes, for purposes of the present motion, the truthfulness of Redmond's version.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (in ruling on summary judgment motion, court is to resolve factual controversies in favor of the nonmovant).

In his motion, Baty argues that he is entitled to qualified immunity.  Qualified immunity is a shield from individual liability for "government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).  The qualified immunity analysis consists of two prongs: whether the official's conduct violated a constitutional right of the plaintiff, and whether that constitutional right was clearly

---

Fed. Appx. 485, 489 (5th Cir. 2012) (plaintiff who alleged violation of specific constitutional provision could not also rely upon broad notion of substantive due process).

established at the time of the violation.  *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).  A court may rely upon either of these prongs in determining the merits of a qualified immunity defense.  *Id.*

The Eighth Amendment imposes a duty on government officials to take reasonable measures to guarantee the safety of prison inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  However, to succeed on an Eighth Amendment claim, an inmate must establish that the conditions of which he is complaining posed a substantial risk of serious harm to him and that the official acted with "deliberate indifference" to the inmate's safety. *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (citing *Farmer*, 511 U.S. at 834) . An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 834).  Thus, in order to defeat Baty's motion, Redmond must adduce evidence that Baty was aware of an excessive risk that Redmond would fall and injure himself and that Baty was deliberately indifferent to that risk.  When viewed in light of this standard, Redmond's evidence clearly fails.  Redmond's statement to Baty that he did not "know anything about roofs" is insufficient to have put Baty on notice of a substantial risk that Redmond would be seriously injured if he climbed on the roof and attempted to repair it.  Nor is there any other evidence establishing that Baty was aware of any such risk.   For these reasons, Baty is entitled to summary judgment on the basis of qualified immunity.

Additionally, Redmond's claim is subject to dismissal for failure to exhaust his

administrative remedies. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life," even if the relief sought by the plaintiff is not available through the prison administrative remedies program. *Porter v. Nussle*, 534 U.S. 516, 524-532 (2002). It is undisputed that Plaintiff never sought administrative relief for his claim against Baty.

For these reasons, Baty's motion for summary judgment is granted, and Redmond's motion is denied. Redmond's remaining pending motions are denied as moot. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

SO ORDERED this the 22nd day of August, 2012.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE